## HILL v. MICKEL.
### No. 4087.

Court of Appeal of Louisiana. Second Circuit.

May 20, 1932.

For former opinion, see 139 So. 672.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, J.

In the lower court, judgment was awarded plaintiff in the sum of $1,250, and on appeal to this court the judgment was affirmed. Plaintiff applied for a rehearing only as to the quantum of damage allowed, and the rehearing was granted restricted to that question. Plaintiff's daughter was thrown from an automobile, due to a collision, and struck the ground with considerable force. She suffered severe bruises and contusions to her limbs and body, which caused her much pain. She sustained a fracture of the lower part of the pelvis bone, but at the time of trial the fracture had healed. She received a laceration of the upper eyelid, rotating upward and backward, and also a laceration of the lower lid, rotating upward and forward. The two joined about an inch from the outer angle. Fifteen stitches were taken in order to approximate the edge of the lacerations. The scar due to the lacerations was apparent at the time of trial. The testimony shows that it will become less noticeable as time goes on. She testified that she could not see well out of the eye which had suffered the injury to the lid; that her eye flickered and watered profusely. It is true her testimony on this point is not corroborated by an oculist, but it is not disputed by any one, and her testimony as to her eye is certainly reasonable when we take into consideration the injury she received to the eyelids. The evidence is clear that she carried one hip higher than the other when walking, and that this produces a catch in her hip and to some extent impairs her gait. Prior to the injury, Miss Hill was a normal girl, sixteen years of age, and a junior in the high school. The scar necessarily detracts from her appearance, and being forced to carry one hip higher than the other, besides causing catches in the hip and an impairment in her walk, also detracts from her appearance.

The jurisprudence as to the quantum of damage is in no wise uniform, and each case is necessarily decided on the particular state of facts shown therein. A review of the jurisprudence would be of little help, as we have found no case exactly parallel with this

one. We have come to the conclusion that our former award is not adequate for the injury received by Miss Hill, and that an adequate award would be in the sum of $2,500. The record shows that plaintiff has already received $250 on account of said accident, which should be taken into consideration.

It is therefore ordered, adjudged, and decreed that our former judgment herein be amended by increasing the amount of the award to plaintiff from $1,250 to $2,250, and, as so amended, that the former judgment of this court be reinstated.